■ Hawkeye Funding, Limited Partnership, et al., Appellants, v Duke/Fluor Daniel et al., Respondents. [763 NYS2d 574] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 5, 2002, denying plaintiffs' motion to stay arbitration and granting defendants' cross motion to compel arbitration and stay the action, unanimously modified, on the law, to the extent of vacating and striking the third decretal paragraph and staying this action pending determination by the arbitrator of all disputed issues of jurisdiction and arbitrability, and otherwise affirmed, without costs.

The motion court correctly invoked the general rule articulated in *First Options of Chicago, Inc. v Kaplan* (514 US 938, 944-945 [1995]) that, in deciding whether the parties agreed to arbitrate a certain matter, including arbitrability, courts should apply ordinary state contract law. However, the motion court overlooked the "important qualification" to the usual rule favoring arbitration, namely the presumption that a court, not an arbitrator, will decide an arbitrability question (*id.*); such qualification is applicable when deciding whether a party has agreed that arbitrators should decide arbitrability (*id.*). As the Supreme Court later noted, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy (such as the change order dispute here) is for the court to determine (*Howsam v Dean Witter Reynolds, Inc.,* 537 US 79 [2002]). This is to be contrasted with procedural "threshold" or "gateway" issues that are properly determined by the arbitrator.

Rather than remand the matter to the motion court for determination of the issue of arbitrability, in the interest of judicial economy, we decide the issue and determine that section 13.1 of the agreement clearly sets forth that change orders are subject to arbitration before JAMS. Section 13.1 refers to failure to resolve "any dispute * * * arising under or relating to" the agreement between the parties, and the later portion of the section makes clear that change order disputes under section 8.2 that remain unresolved "pursuant to * * * Section 13.1" should be decided by JAMS. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.