■ In the Matter of RURAL MEDIA GROUP, INC., et al., Respondents, v EMERITA R. YRAOLA, as Administrator C.T.A. of the Estate of C. ELVIN FELTNER, Deceased, Appellant. [26 NYS3d 531]—

Order and judgment (one paper), Supreme Court, New York

County (Saliann Scarpulla, J.), entered April 17, 2015, which, to the extent appealed from, denied respondent's cross motion to compel arbitration with respect to all petitioners except for Rural Broadcasting Corp., unanimously modified, on the law, to grant the motion to compel petitioner Gottsch to arbitrate, and to deny the motion with respect to petitioners Rural Media Group, Inc., RFD-TV, LLC, and Rural Broadcasting Company without prejudice to renewal upon completion of discovery before the arbitrator, and otherwise affirmed, without costs.

On motions to stay or compel arbitration, a threshold question for the motion court is "whether the parties made a valid agreement to arbitrate" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6 [1980]). Here, in a prior order not at issue on appeal, Supreme Court (Kapnick, J.) addressed this threshold issue, and held that the parties to the 1997 agreement at issue agreed to arbitrate. It was later determined by a special referee that the parties to that agreement were Rural Broadcasting Corp. (RFD-TV), Patrick Gottsch individually, and C. Elvin Feltner, now deceased. Taken together, a fair reading of Justice Kapnick's order and the Referee's report compels the conclusion that each of the parties to the 1997 agreement, including petitioner Gottsch, were bound by the arbitration clause. Accordingly, the motion court (Scarpulla, J.) erred in both readdressing the issue and in determining, substantively, that Gottsch was not bound by the parties' agreement to arbitrate. The plain language of the agreement supports respondent's contention that the parties intended for Gottsch, a contract signatory, to be bound by the arbitration clause (*see Lopez v Fernandito's Antique*, 305 AD2d 218, 219 [1st Dept 2003]). This conclusion is also in line with the parties' reasonable expectations (*Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555 [1982]). Accordingly, Gottsch is required to submit to arbitration before the American Arbitration Association, where respondent sought, in her motion, to have the underlying dispute arbitrated.

With respect to the petitioners who were nonsignatories to the agreement—Rural Media Group, Inc., RFD-TV, LLC, and Rural Broadcasting Company—the motion court correctly determined that respondent did not meet her burden, on this record, of showing that the intent to arbitrate may be imputed to these entities under theories of veil piercing/alter-ego, equitable estoppel, or de facto merger (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]; *Oxbow Calcining USA Inc. v American Indus. Partners*, 96 AD3d 646, 649 [1st Dept 2012]). Respondent bears a heavy burden with respect to each of these

theories, and "[i]nterrelatedness, standing alone, is not enough to subject a nonsignatory to arbitration" (*Oxbow*, 96 AD3d at 649 [internal quotation marks omitted and alteration in original]). We are mindful, however, of respondent's assertion that she has not had the opportunity to engage in discovery regarding the corporate structure of these petitioners, which the present record demonstrates is complex and closely interrelated. Accordingly, we modify the order denying the motion to compel with respect to these petitioners to the extent of denying the motion without prejudice to respondent's renewal of the motion following the completion of discovery in arbitration.

Lastly, we note that only those issues specifically referred to the Special Referee by Justice Kapnick, and subsequently confirmed by the motion court, shall be binding upon the arbitrator. Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.