Matter of 215-219 W. 28th St. Mazal Owner LLC v Citiscape Bldrs. Group Inc. (2019 NY Slip Op 08281)





Matter of 215-219 W. 28th St. Mazal Owner LLC v Citiscape Bldrs. Group Inc.


2019 NY Slip Op 08281


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10350NA 652779/19 10350N

[*1] In re 215-219 West 28th Street Mazal Owner LLC, et al., Petitioners-Appellants, 215-219 West 28th Street Mazal Manager LLC, et al., Petitioners,
v
Citiscape Builders Group Inc. doing business Citiscape Builders Group, Respondent-Respondent.


Andrea Lawrence, New York, for 215-219 West 28th Street Mazal Owner LLC, appellant.
Morrison & Foerster LLP, New York (Lena H. Hughes of counsel), for 213-227 West 28th LLC, 215 West 28th Street Property Owner LLC and 225 West 28th Street Property Owner LLC, appellants.
Smith, Gambrell & Russell, LLP, New York (Michael R. Glanzman of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered May 21, 2019, which, insofar as appealed, denied the petition of 215-219 West 28th Street Mazal Owner LLC (Mazal Owner), 215 West 28th Street Property Owner LLC (215 Property Owner), 225 West 28th Street Property Owner LLC (225 Property Owner) and 213-227 West 28th Street LLC (213-227 West) (together, the non-signatory petitioners) for a permanent stay of arbitration, without prejudice, so that the issue could be decided by the arbitrator in arbitration, unanimously reversed, on the law, without costs, and the matter remanded to the IAS court for a hearing to determine the threshold issue of whether the non-signatory petitioners are bound by the arbitration agreement. Appeal from the so-ordered transcript granting the same relief as the order, unanimously dismissed, without costs, as subsumed in the appeal from the order.
The issue of whether a party is bound by an arbitration provision in an agreement it did not execute is a threshold issue for the court, not the arbitrator, to decide (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7 [1980]). The case is remanded to the IAS court for an evidentiary hearing and further factual development on whether the non-signatory petitioners were bound to the arbitration clause (see Rosplock v Upstate Mgt. Assoc., Inc., 108 AD3d 825, 827 [3d Dept 2013]); see also Matter of Rural Media Group, Inc. v Yraola, 137 AD3d 489, 490 [1st Dept 2016]).
The cases respondent relies upon in opposition do not change the result. Respondent's cases do not involve situations where there was a dispute as to whether the party sought to be bound to arbitrate had signed the agreement containing the arbitration clause (see e.g. Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 675-676 [2016]; Garthon Bus. Inc. v Stein, 30 NY3d 943, 944 [2017]).
While respondent makes extensive arguments as to why the non-signatory petitioners were effectively parties to the agreement and thus bound by the arbitration clause, these arguments are not relevant. The IAS court did not come to a definitive ruling as to whether the non-signatory petitioners were bound by the arbitration agreement, and instead denied the [*2]petition without prejudice so that it could be decided by the arbitrator. Absent a ruling on the issue, the only question to be addressed by this Court is whether the IAS court properly declined to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK