Arboleda v White Glove Enter. Corp. (2020 NY Slip Op 00098)





Arboleda v White Glove Enter. Corp.


2020 NY Slip Op 00098


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-11250
 (Index No. 711980/17)

[*1]Jorge Arboleda, etc., et al., respondents,
v
White Glove Enterprise Corp., et al., defendants, Sleepy's, LLC, et al., appellants.


Littler Mendelson, P.C., New York, NY (Theo E. M. Gould and Kelly C. Spina of counsel), for appellants.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law article 6, the defendants Sleepy's, LLC, and Mattress Firm, Inc., appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 31, 2018. The order denied the motion of the defendants Sleepy's, LLC, and Mattress Firm, Inc., pursuant to CPLR 7503 to compel arbitration of the plaintiffs' claims and stay all proceedings in the action pending arbitration.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the plaintiffs commenced this putative class action, inter alia, to recover damages for underpayment of minimum wage and overtime in violation of Labor Law article 6, arising out of the plaintiffs' employment as delivery drivers and/or delivery helpers. The defendants Sleepy's, LLC, and Mattress Firm, Inc. (hereinafter together the defendants), moved pursuant to CPLR 7503 to compel arbitration of the plaintiffs' claims and stay all proceedings in the action pending arbitration. The defendants relied upon certain "Independent Owner Agreements" (hereinafter the agreements) they entered into with the defendants White Glove Enterprise Corp., Enalet Enterprise Corp., and ALE Enterprise Corp., which provided that "[a]ny claim, dispute or controversy relating to or arising out of this Agreement shall be" subject to arbitration. The Supreme Court denied the motion, and this appeal ensued.
"Arbitration is a matter of contract grounded in agreement of the parties" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [internal quotation marks and citation omitted]; see Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, 201; County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123, 128; Rutella v National Sec. Corp., 172 AD3d 1124, 1125-1126). "[N]otwithstanding the public policy favoring arbitration, nonsignatories are generally not subject to arbitration agreements" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630 [citation omitted]; see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141).
"However, under limited circumstances nonsignatories may be compelled to arbitrate" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630). Under the direct benefits theory of estoppel, a nonsignatory may be compelled to arbitrate where the nonsignatory "knowingly exploits" the benefits of an agreement containing an arbitration clause, and receives benefits flowing [*2]directly from the agreement (id. at 631). "The benefits must be direct, and the party seeking to compel arbitration must demonstrate that the party seeking to avoid arbitration relies on the terms of the agreement containing the arbitration provision in pursuing its claim" (Oxbow Calcining USA Inc. v. American Indus. Partners, 96 AD3d 646, 649-650; see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d at 1141). Where the benefits are merely "indirect," a nonsignatory cannot be compelled to arbitrate a claim (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 631). "A benefit is indirect where the nonsignatory exploits the contractual relation of the parties, but not the agreement itself" (id.).
Here, contrary to the defendants' contention, the plaintiffs should not be compelled to arbitrate based upon the agreements. The record does not establish that the plaintiffs were even aware of the existence of the agreements or that they knowingly exploited the benefits of the agreements (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 631). Accordingly, we agree with the Supreme Court's determination denying the defendants' motion pursuant to CPLR 7503 to compel arbitration of the plaintiffs' claims and stay all proceedings in the action pending arbitration.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court