Matter of KPMG LLP v Kirschner (2020 NY Slip Op 02286)





Matter of KPMG LLP v Kirschner


2020 NY Slip Op 02286


Decided on April 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11400N 655664/18

[*1]In re KPMG LLP, Petitioner-Respondent,
v
Marc S. Kirschner, in his capacity as Trustee of the Millennium Corporate Claim Trust and of the Millennium Lender Claim Trust, Respondent-Appellant.


Wollmuth Maher & Deutsch LLP, New York (Lyndon M. Tretter of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Daniel J. Thomasch of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 7, 2019, which granted the petition to the extent of compelling arbitration on the issue of arbitrability and staying a California action commenced by respondent for 30 days, unanimously reversed, on the law, with costs, the petition denied and this proceeding dismissed.
Millennium Lab Holdings, Inc. and Millennium Lab Holdings II, LLC (Millennium Holdings, LLC), pursuant to an engagement letter, retained petitioner KPMG LLP to audit their financial statements for certain time periods. The engagement letter contained a clause requiring arbitration of "[a]ny dispute or claim arising out of or relating to this Engagement Letter or the services provided hereunder."
In 2014, Millennium Holdings, LLC and Millennium Laboratories, LLC (collectively, Millennium) entered into a $1,825,000 credit agreement with various banks. On November 10, 2015, Millennium Holdings, LLC and its affiliates filed for Chapter 11 relief under the Bankruptcy Code. The Bankruptcy Court confirmed Millennium's reorganization plan, which, inter alia, resulted in the creation of the Millennium Lender Claim Trust. Respondent, as the Claim Trust trustee, commenced an California action against petitioner asserting, inter alia, claims for negligent and intentional misrepsentation.
Petitioner brought this article 75 special proceeding to stay the California action and to compel arbitration. Supreme Court granted the petition "to the extent of compelling arbitration on the issue of arbitrability and staying the California action for 30 days." Respondent appeals.
The parties agree that "[t]he issue of whether a party is bound by an arbitration provision in an agreement it did not execute is a threshold issue for the court, not the arbitrator, to decide" (Matter of 215-219 W. 28th St. Mazal Owner LLC v Citiscape Bldrs. Group Inc., 177 AD3d 482, 483 [1st Dept 2019]). Accordingly, Supreme Court should have decided this issue. The parties, however, ask us to decide the issue of arbitrability instead of remanding. We do so in the interest of judicial economy (see Hawkeye Funding, Ltd. Partnership v Duke/Fluor Daniel, 307 AD2d 828 [1st Dept 2003], lv denied 1 NY3d 538 [2003]).
The parties agree that the only theory under which respondent, as a nonsignatory to the engagement letter containing the arbitration clause, can be required to arbitrate is on the equitable estoppel/direct benefits grounds. We find that petitioner has not met its "heavy burden" (Matter of Rural Media Group, Inc. v Yraola, 137 AD3d 489, 490 [1st Dept 2016]) under that theory.
The benefits that the investors whose interests respondent represents derived from the engagement letters between petitioner and nonparty Millennium were "merely indirect" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013] [internal quotation marks omitted]). Here, in the California action, respondent pleaded solely common-law claims and did not invoke the engagement letter (see Jones v Singing River Health Servs. Found., 674 Fed Appx [*2]382, 384 [5th Cir 2017]; see also Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 649-650 [1st Dept 2012] ["the party seeking to compel arbitration must demonstrate that the party seeking to avoid arbitration relies on the terms of the agreement containing the arbitration provision in pursuing its claim"]).
There is an additional reason why the benefits the investors received are indirect. "[B]enefits are direct when specifically contemplated by the ... parties [to the agreement containing the arbitration clause]; and benefits are indirect when the parties ... would not have originally contemplated the non-signatory's eventual benefit" (Life Techs. Corp. v AB Sciex Pte. Ltd., 803 F Supp 2d 270, 276 [SD NY 2011]; see also Katsoris v WME IMG, LLC, 237 F Supp 3d 92, 108 [SD NY 2017]). Millennium and petitioner did not contemplate that the investors represented by respondent would benefit from the engagement letter. Indeed, the letter provided that "only the hard copy report is to be relied upon as [petitioner's] work product," and that if Millennium were to use the report petitioner "would consider [its] consent to the inclusion of [petitioner's] report and the terms thereof at that time."
Moreover, "a nonsignatory may be compelled to arbitrate where [it] knowingly exploits' the benefits of an agreement containing an arbitration clause" (Belzberg, 21 NY3d at 631 [emphasis added]). "To satisfy the knowledge requirement, the case law requires that the non-signatory [] had actual knowledge of the contract containing the arbitration clause" (Noble Drilling Servs., Inc. v Certex USA, Inc., 620 F3d 469, 473 [5th Cir 2010]). To be sure, if an investor received a Millennium financial statement audited by petitioner, it would presumably have assumed that there was a contract between Millennium and petitioner. However, "[a] nonsignatory must have specific knowledge of the relevant agreement" (Pershing, L.L.C. v Bevis, 606 Fed Appx 754, 758 [5th Cir 2015]). Here, there is no indication in the record that the investors whom respondent represents had actual knowledge of the engagement letters between petitioner and Millennium (see Arboleda v White Glove Enter. Corp., 179 AD3d 632, 633 [2d Depts 2020]).
Finally, we decline to consider petitioner's arguments regarding choice of law and the substantive law of accountant liability, because "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute" (CPLR 7501; see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2020
CLERK