McCarthy v Sea Crest Health Care Ctr., LLC (2020 NY Slip Op 07186)





McCarthy v Sea Crest Health Care Ctr., LLC


2020 NY Slip Op 07186


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-05427
 (Index No. 517729/17)

[*1]Maria McCarthy, etc., appellant, 
v
Sea Crest Health Care Center, LLC, et al., respondents.


D.F. Truhowsky (Alexander J. Wulwick, New York, NY, of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated April 2, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was to compel the plaintiff to arbitrate the claims against them, and thereupon directed dismissal of the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing in accordance herewith, and a new determination of the defendants' motion thereafter.
Dennis McCarthy (hereinafter Dennis) allegedly was injured while he was a resident at the defendants' nursing home. The instant action was commenced on Dennis's behalf, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d. The defendants moved, inter alia, to compel arbitration of those claims pursuant to arbitration provisions contained in an admission agreement signed by Dennis's wife, Maria McCarthy (hereinafter Maria), allegedly as his "designated representative," upon his admission to the nursing home. In opposition, the plaintiff challenged Maria's authority to sign the agreement on Dennis's behalf, noting that, about seven months before Dennis's admission to the nursing home, he had executed a power of attorney designating his son as his agent. In response, the defendants did not contend that Maria had actual authority to sign the agreement on Dennis's behalf, but, rather, contended that Dennis was bound by the agreement and its arbitration provisions under the direct benefits theory of estoppel.
In an order dated April 2, 2018, the Supreme Court granted that branch of the defendants' motion, concluding, under the direct benefits theory of estoppel, that the plaintiff could not avoid arbitration. Further, the Supreme Court, in effect, denied other branches of the defendants' motion as academic, and directed dismissal of the complaint. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was to compel arbitration, and thereupon dismissed the complaint.
We agree with the plaintiff's contention on appeal that the Supreme Court erred in summarily granting that branch of the defendants' motion which was to compel arbitration, under the direct benefits theory of estoppel. "Arbitration is a matter of contract," and thus, "notwithstanding the public policy favoring arbitration, nonsignatories are generally not subject to [*2]arbitration agreements" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation omitted]). Nevertheless, "[u]nder the direct benefits theory of estoppel, a nonsignatory may be compelled to arbitrate where the nonsignatory knowingly exploits the benefits of an agreement containing an arbitration clause, and receives benefits flowing directly from the agreement" (id. at 631 [internal quotation marks omitted]; see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141).
Here, questions of fact existed as to Dennis's mental state at the time of his admission to and residency in the defendants' facility, such that it could not be determined, as a matter of law, that he had the mental capacity to "knowingly exploit[ ]" benefits flowing from the agreement containing the arbitration clauses (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 631; see KPMG LLP v Kirschner, 182 AD3d 484; Arboleda v White Glove Enter. Corp., 179 AD3d 632, 633). Accordingly, a hearing is required to determine whether the plaintiff, as executor of Dennis's estate, is bound by the arbitration provisions of the admission agreement (see CPLR 7503[a]). We therefore remit the matter to the Supreme Court, Kings County, for a hearing, and thereafter, a new determination of the defendants' motion.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court