**Conlon Holdings LLC v Chanos**

2025 NY Slip Op 30011(U)

January 3, 2025

Supreme Court, New York County

Docket Number: Index No. 654768/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

CONLON HOLDINGS LLC

Plaintiff,

- v -

JAMES S. CHANOS,

Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654768/2024 |
| **MOTION DATE** | 09/12/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion for _____SUMMARY JUDGMENT IN LIEU OF COMPLAINT_____.

Plaintiff Conlon Holdings LLC ("Plaintiff") moves for summary judgment in lieu of complaint pursuant to CPLR 3213 against Defendant James S. Chanos ("Defendant" or "Chanos").  The claim arises out of a December 31, 2018 Loan Agreement (the "Loan Agreement") entered into by Chanos and – under Plaintiff's reading – The Limited Partners of Kynikos Associates LP (the "Company") "except for*"* James S Chanos LLC (defined collectively as the "Lender").  According to Plaintiff, under the terms of the Loan Agreement, Chanos agreed to repay $15,989,102.00 (the "Loan Amount") to Lender immediately upon his receipt of any proceeds from the sale of his properties that are set forth in the Loan Agreement. Plaintiff alleges that Chanos sold the properties but has failed to make the required payments to Lender.

Chanos opposed this motion and filed a cross-motion seeking to dismiss this action based on Plaintiff's lack of legal capacity to sue or, in the alternative, an Order pursuant to CPLR

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
  **Motion No.  001**

**Page 1 of 12**

1 of 12

[* 1]

7503(a) staying this action and compelling arbitration. For the following reasons, Plaintiff's motion is denied and Chanos's cross-motion is granted in part.

## BACKGROUND

According to Plaintiff, Chanos & Company LP (f/k/a. Kynikos Associates LP) (the "Partnership") was founded in 1985 by Chanos and managed a variety of funds (NYSCEF 10 ["Nichols Aff."] ¶1). The Partnership was controlled during all relevant time periods by Chanos as the General Partner. Chanos directed the accounting of the Partnership (Nichols Aff. ¶¶2-3).

Plaintiff alleges that beginning in 2013, Chanos, in his individual capacity, began taking monies from the Partnership, which he promised to repay with interest. From 2013 through 2018, Chanos allegedly made repeated promises to the Limited Partners that he would pay back the amounts he took (Nichols Aff. ¶¶3-4).

To address concerns raised by the Limited Partners about Chanos's use of the funds, on December 31, 2018, Chanos executed a loan agreement (the "Loan Agreement") that designated him as the Borrower of $15,989,102.00 (the "Loan Amount") (Nichols Aff. ¶¶8-9). The Loan Agreement provides as follows:

> On December 31, 2018, One (1) individual known as James Chanos of 3 East 75th Street, New York, New York, 10021, referred to as the "Borrower",
>
> **HAS RECEIVED AND PROMISES AS PREVIOUSLY STATED TO PAY:**
>
> The Limited Partners except for James S Chanos LLC of Kynikos Associates LP of 20 West 55th Street, 8th Floor, New York, referred to as the "Lender", the sum of $15,989,102.00 US Dollars, referred to as the "Borrowed Money" . . . .

(NYSCEF 7 ["Loan Agreement"]).

The Agreement is signed by James Chanos as the Borrower and Brian Nichols (the former CFO) on behalf of "Kynikos Associates LP." (Loan Agreement at p 4). The Loan

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No.  001**

**Page 2 of 12**

2 of 12

Agreement states that the full balance of the Loan Amount "including any accrued interest and late fees, is due and payable immediately upon receipt of any proceeds by the Borrower from the sale of Art Pieces, New York City Residence (3 East 756 Street, New York, NY 10021), Miami Residence (100 S. Pointe Drive, Miami, FL 33139), and East Hampton Residence (70 Further Lane, East Hampton, NY 11937), referred to as the 'Due Date.'" (McGrath Aff ¶6; Loan Agreement at p 1).

The Loan Agreement also provides that "[t]his loan shall be secured under the following: The Borrower agrees to provide Art Pieces, New York City Residence (3 East 75th Street, New York, NY 10021), Miami Residence (100 S Pointe Drive, Miami, FL 33139), and East Hampton Residence (70 Further Lane, East Hampton, NY 11937), referred to as the "Security", which shall transfer to the possession and ownership of the Lender IMMEDIATELY if this Loan should be in default" (Loan Agreement at p 1).

On May 8, 2019, Chanos acknowledged his obligations by signing a confirmation letter, which provides:

> I have contributed art in the amount of $12,495,359 with a $3.5 million line of credit to Kynikos Associates LP (the "Partnership"). The Partnership intends to sell the art and the proceeds will be used in partial satisfaction of my negative capital balance and my outstanding demand loan (*see* December 31, 2018 Loan Agreement). I will also contribute all cash proceeds received from the sale of my residences in New York City, Hampton sand Miami. This will confirm to each of you that if the Partnership receives proceeds from the sale of the art and personal residences that are less than the contributed art amount of $12,495,359; my negative capital balance; and my outstanding demand loan then I will personally contribute in cash an amount equal to each difference. These proceeds will be used to satisfy the art losses allocated to you and your outstanding capital owed to you and other limited partners of Kynikos Associates LP except for James S Chanos LLC.

(NYSCEF 8 ["Confirmation Letter"]).

654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.
Motion No. 001

Page 3 of 12

Plaintiff alleges that in or around March 2021, instead of paying monies to Lender under the Loan Agreement, Chanos paid money to the Partnership and also contributed monies to avoid a negative balance on the capital account of James S. Chanos, LLC (Nichols Aff. ¶16).

Plaintiff submits that Chanos owes more than $15,000,000.00 to Lender under the Loan Agreement, with interest accruing (Nichols Aff. ¶21).

Plaintiff also asserts that on August 27, 2024, Nichols assigned his rights and the rights of his Limited Partner entity, MMSBLLC, under the Loan Agreement to Plaintiff (Nichols Aff. ¶22).

## DISCUSSION

### I. *Summary Judgment in Lieu of Complaint*

Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment" (*Oak Rock Fin., LLC v Rodriguez*, 148 AD3d 1036, 1039 [2d Dept 2017]). An "instrument for the payment of money only" is one that "requires the defendant to make a certain payment or payments and nothing else" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1st Dept 1968]; *Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]). "Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense." (*Griffon V. LLC v 11 East 36th, LLC*, 90 AD3d 705, 707 [2d Dept 2011]).

Here, Lender has submitted evidence that Chanos (i) executed the Loan Agreement, (ii) confirmed the Loan in a May 8, 2019 Letter (the "Confirmation Letter"), and (iii) failed to repay the Loan in accordance with the terms of the Loan Agreement (*see* NYSCEF 4 [Affidavit of

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No.  001**

**Page 4 of 12**

4 of 12

Patrick McGrath ["McGrath Aff."] ¶10]; NYSCEF 10 [Affidavit of Brian Nichols ["Nichols Aff."] ¶21]). Lender has also submitted an Assignment and Assumption Agreement indicating that Brian Nichols assigned his rights and the rights of his Limited Partner entity, MMSB LLC, under the Loan Agreement to Conlon Holdings LLC (NYSCEF 9; Nichols Aff. ¶22).

However, the expedited procedure of CPLR 3213 is not available here. First, as Defendant argues, Plaintiff has not conclusively demonstrated standing to bring this action. "[T]o have standing to sue to collect on the [loan agreement] a party must establish at least that it is the holder, transferee, or assignee" (*United Teletech Fin. Fed. Credit Union v Lau*, 75 Misc 3d 1218(A) [Sup Ct, NY County 2022]). As noted, the Loan Agreement is signed by Brian Nichols, the former CFO, as the "Lender" on behalf of "Kynikos Associates LP." The address listed is the address for Kynikos Associates LP. "The Limited Partners" is not otherwise defined in the Agreement.

Plaintiff argues that Nichols executed the Loan Agreement on behalf of "Lender" – as representative of each individual Limited Partner of the Company (except James S Chanos LLC), and not on behalf of the Company. According to Plaintiff, on August 27, 2024, Conlon Holdings, executed an assignment agreement with Brian Nichols and his Limited Partner Entity, MMSB LLC, that assigned Nichols and MMSB LLC's rights as Lender under the Loan Agreement to Conlon Holdings. However, Plaintiff has not established conclusively that Nichols or MMSB LLC[1] had any rights under the Loan Agreement that they could assign. Even assuming the Lender is all Limited Partners (except for Chanos's own entity), it has not been established that Nichols or MMSB LLC had authority to act on behalf of those Limited Partners

---

[1] MMSB LLC is apparently a limited partner of the Company, but it is not identified anywhere in the Loan Agreement.

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No.  001**

**Page 5 of 12**

5 of 12

(as a group) to assign all rights under the Loan Agreement to Plaintiff. Furthermore, the Loan Agreement also provides that certain art and property are collateral under the Agreement, and that Borrower "shall transfer to the possession and ownership of the Lender IMMEDIATELY if this Loan should be in default." (NYSCEF 7). Reading the "Lender" as each individual Limited Partner (except for Chanos's entity) creates uncertainty as to who the obligations are owed to. Thus, Plaintiff has not carried its burden of demonstrating standing sufficiently to permit a grant of summary judgment in lieu of complaint.

Second, Defendant submitted an affirmation in a different action in this Court (*Conlon Holdings LLC v Chanos & Co. LP* (154908/2024 [Sup Ct, NY County 2024] [Patel, J.] [the "TRO/PI Action"]) averring that he paid $16 million to the Company in March 2021 to repay the loan (154908/2024, NYSCEF 42), attaching a copy of the wire confirmation as an exhibit (NYSCEF 19).[2] There appears to be no dispute that the funds were paid (NYSCEF 10 ["Nichols Aff"] ¶16 ["In or around March 2021, instead of paying monies to Lender under the Loan Agreement, Chanos paid money to the Partnership and also contributed monies to avoid a negative balance on the capital account of James S. Chanos, LLC, Chanos' Limited Partner entity"]). Rather, Plaintiff argues that the payment was made to the Company, not the Lender.

---

[2] Relatedly, Defendant submitted that Mr. McGrath and Mr. Nichols, who have both submitted affidavits here, previously submitted sworn statements in the TRO/PI Action that characterized the loan as being owed by Mr. Chanos *to the Company* and claimed the Company was denied rights as "Lender" under the Loan Agreement (Index No. 154908/2024, NYSCEF 1 ["Verified Petition"] ¶¶4-5, 7, 11-12, 14, 30; NYSCEF 10 ["McGrath Aff."] ¶¶3, 5, 7, 11, 14; NYSCEF 7 ["Nichols Aff."] ¶¶5, 13). In that action, which was brought in aid of arbitration, the Court held that Plaintiff could not demonstrate a likelihood of success on the merits that it had standing to sue under the Loan Agreement, noting it was, among other things, "unpersuaded by [the Conlon Entities'] characterization of the Loan Agreement as unambiguous with respect to the contracting parties" because Plaintiffs had not established that the agreement is between Mr. Chanos and the 'Limited Partners except for James S Chanos LLC," leaving the issue open (*Conlon Holdings LLC v Chanos & Co. LP*, 83 Misc 3d 1261(A)*6 [Sup Ct, NY County 2024]).

**654768/2024 CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No. 001**

**Page 6 of 12**

6 of 12

[* 6]

Given the Court's finding that there remains a disputed issue as to which entity or persons has or have standing to pursue repayment of the purported loan (to the extent amounts remain outstanding), the Court need not go further into the parties' arguments. This is not a dispute that can or should be resolved under the expedited procedures of CPLR 3213 (*Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000] ["It cannot be ascertained from the face of these documents, without regard to extrinsic evidence, that plaintiffs have a right to repayment and, accordingly, they do not possess an 'instrument for the payment of money only'. Thus, this action is not eligible for CPLR 3213 treatment"]).

Accordingly, Plaintiff's CPLR 3213 motion is denied.

II. *Defendant's Cross Motion[3]*

Defendant's cross-motion to dismiss the Complaint pursuant to CPLR 3211(a)(1) and (a)(3), or alternatively to stay this action and compel arbitration, is granted in part.

Beginning with the cross-motion to dismiss, CPLR 3211(a)(1) provides that a party may move for a judgment dismissing a claim on the ground that "a defense is founded upon documentary evidence." Such dismissal is warranted when the documentary evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mut. Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Furthermore, pursuant to CPLR 3211(a)(3), a party may move for judgment dismissing a cause of action on the ground that "the party asserting the cause of action has no legal capacity to sue."

---

[3] A defendant may cross move to dismiss under CPLR § 3211 when a plaintiff moves for summary judgment in lieu of a complaint (*see e.g., Payoneer Early Payments Inc. v Elimelech Sperber and E&S Journey, Inc.,* 81 Misc 3d 1236(A) [Sup Ct, NY County 2024]).

654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.
Motion No.  001

Page 7 of 12

7 of 12

Defendant argues that the Loan Agreement unambiguously establishes that the Company, not Plaintiff, is the "Lender" under the Loan Agreement. However, as noted above, there is legitimate dispute as to that issue, and therefore as to whether the Assignment and Assumption Agreement constitutes a valid and complete assignment of the Loan Agreement. That issue cannot be resolved on a motion to dismiss. Therefore, dismissal pursuant to CPLR § 3211(a)(1) and (a)(3) is denied.

Defendant alternatively moves for a stay of the litigation and to compel arbitration under the terms of the LPA. According to Defendant, there is a pending confidential Arbitration filed by Plaintiff against James S. Chanos LLC, and another limited partner of the Company and its principal, wherein Plaintiff is seeking to recover the receivable on the Company's books and records related to the loan, among other relief. Defendant submits that the details of the Arbitration are confidential, but, consistent with the initial Arbitration demand that Plaintiff filed with the Court in the TRO/PI Action, the Conlon Entities seek over $10 million, purportedly representing the remaining principal amount of the loan receivable plus accrued interest, as well as $9.5 million that the Conlon Entities had previously demanded (*see* Index No. 154908/2024, NYSCEF 4 [*In the Matter of the Arbitration between: Conlon Holdings LLC, Conlonbeithir LLC v CHANOS & CO. LP, Kynikos Associates, LTD., James S. Chanos LLC, George Liberopoulos, MJGM LLC*, 12/29/23 Arbitration Demand]).

A party may move to compel arbitration pursuant to CPLR § 7503(a) if it is "aggrieved by the failure of another to arbitrate" (CPLR § 7503(a)). Here, under the Company's Tenth Amended and Restated Limited Partnership Agreement (the "LPA"), all of the limited partners of the Company, including Plaintiff, agreed to a broad arbitration provision.

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**                    **Page 8 of 12**
   **Motion No.  001**

8 of 12

The LPA provides:

> Except for requests of pre-arbitral injunctive relief or other equitable remedies or enforcement of an award or an arbitrator, all disputes and questions whatsoever between or among the parties to this Agreement *or their legal representatives* that shall arise during or after the term of the Partnership with respect to the rights, obligations and remedies hereunder of such parties *or legal representatives* or with respect to the construction or application of this Agreement or of the Partnership Law shall be submitted for arbitration in New York City under the rules of the American Arbitration Association. The expenses of arbitration (including fees and expenses of counsel) shall be borne by the party against whom the decision is rendered or apportioned in accordance with the decision of arbitrators in the event of a compromise decision. The decision of the arbitrators shall be final and binding upon the parties to such arbitration. Judgement upon any award may be entered in any court of competent jurisdiction.

(NYSCEF 20 §13.2 [emphasis added]).

Defendant argues that this dispute falls under the LPA's arbitration provision because Plaintiff purports to assert its (or MMSB's) rights as a limited partner in enforcing the Loan Agreement against a "legal representative" of another party to the LPA (i.e., Chanos as the legal representative of James S. Chanos LLC). In response, Plaintiff asserts that "Chanos as an individual and as Borrower here under the Loan Agreement is NOT a signatory to the Arbitration Agreement" and accordingly "Borrower as an individual—[is] not covered by any provision." (NYSCEF 24 at 13).

"On motions to stay or compel arbitration, a threshold question for the motion court is 'whether the parties made a valid agreement to arbitrate'" (*Rural Media Group, Inc. v Yraola*, 137 AD3d 489, 490 [1st Dept 2016], quoting *Matter of County of Rockland* [*Primiano Constr. Co.*], 51 NY2d 1, 6 [1980]). "If the Court finds that a valid arbitration agreement exists, the next question is whether the dispute comes within the scope of that agreement. The parties can, if they choose, delegate to the arbitrator (rather than the Court) the job of making that determination" (*Gol v TNJ Holdings, Inc.*, 68 Misc 3d 1216(A) [Sup Ct, NY County 2020], citing *Zachariou v*

654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.
Motion No.  001

Page 9 of 12

*Manios*, 68 AD3d 539 [1st Dept 2009]).  Here, the Court concludes that the arbitration provision in the LPA is broad enough on its face to encompass claims by or against Mr. Chanos, who is a "legal representative" of a signatory (James S. Chanos LLC).

That leaves the question whether the particular dispute involved in this case comes within the scope of the arbitration agreement contained in the LPA.   It is well settled that "[w]hile there is generally a presumption that the issue of arbitrability will be determined by the courts, the arbitrator decides the issue where the parties evince a 'clear and unmistakable agreement to arbitrate arbitrability as part of their alternative dispute resolution choice'" (*Schindler v Cellco Partnership*, 200 AD3d 505, 505-06 [1st Dept 2021] [holding that "[t]he parties did, in fact, make that agreement, since the AAA rules were incorporated into the parties' arbitration provision"]).  Here, the parties incorporated the AAA rules into their arbitration clause (*see* LPA §13.2 ["all disputes and questions whatsoever between or among the parties to this Agreement or their legal representatives that shall arise during or after the term of the Partnership . . . shall be submitted for arbitration in New York City under the rules of the *American Arbitration Association*"] [emphasis added]).  Therefore, consistent with those Rules, the parties chose to delegate the issue of arbitrability to the arbitrator.  Accordingly, this matter must be referred, in the first instance, to arbitration.

Moreover, there is an alternative ground for staying this action even if this dispute was not covered by the arbitration provision in the LPA.  "Where arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where, as here, the determination of issues in arbitration may well dispose of nonarbitrable matters" (*Living Real Estate Group, LLC v Douglas Elliman, LLC*, 220 AD3d 573, 574-75 [1st Dept 2023]).  Here, the factual predicate for Plaintiff's misappropriation

654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.
Motion No.  001

Page 10 of 12

claim in the Arbitration is the same as its version of the disputed facts in this action: that Mr. Chanos purportedly has not repaid the loan. Indeed, in the TRO/PI Action, "[t]he Court observe[d] that the arbitration panel will determine, among other issues, whether Respondents have breached the Loan Agreement and/or Partnership Agreement" (*Conlon Holdings LLC*, 83 Misc 3d 1261(A)). Here, there is plainly a risk of inconsistent findings, and there is the potential for arbitration to resolve this dispute in whole or in part.

Therefore, Defendant's motion to compel arbitration is granted, and this action is stayed pending arbitration (subject to a determination by the arbitrators whether the matter is arbitrable). An alternative discretionary ground for staying this case is that the claims overlap with the already pending Arbitration.

Plaintiff's and Defendant's respective requests for costs and sanctions are denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment in Lieu of Complaint is **DENIED**; it is further

**ORDERED** that Defendant's Cross-Motion to Dismiss or Alternatively, to Stay and Compel Arbitration is **GRANTED IN PART AND DENIED IN PART** as follows: (i) the cross-motion to dismiss is **denied**; (ii) the branch of the cross-motion seeking to compel arbitration is granted and this action is stayed pending arbitration; (iii) the request for a stay pending the arbitration titled *In the Matter of the Arbitration between: Conlon Holdings LLC, Conlonbeithir LLC v CHANOS & CO. LP, Kynikos Associates, LTD., James S. Chanos LLC, George Liberopoulos, MJGM LLC*, 12/29/23 Arbitration Demand (*see* Index No. 154908/2024,

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No.  001**

**Page 11 of 12**

11 of 12

NYSCEF 4) is granted in the alternative; and (iii) the request for costs and sanctions is **denied**; it is further

ORDERED that Defendant shall serve a copy of this Order with Notice of Entry upon the Trial Support Office and the Clerk of the Court, who are directed to mark this action as "stayed"; it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the parties shall file a status update by letter filing on NYSCEF within six (6) months of the date of this Order.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **1/3/2025** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654768/2024   CONLON HOLDINGS LLC vs. CHANOS, JAMES S.**
**Motion No.  001**

**Page 12 of 12**

12 of 12

[* 12]