Matter of Wiener v Gibson, Dunn & Crutcher LLP (2025 NY Slip Op 02432)

Matter of Wiener v Gibson, Dunn & Crutcher LLP

2025 NY Slip Op 02432

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 655335/24|Appeal No. 4204|Case No. 2024-07417|

[*1]In the Matter of Joel Wiener et al., Petitioners-Appellants,
v
Gibson, Dunn & Crutcher LLP, Respondent-Respondent.

Dilworth Paxson LLP, New York (Ira N. Glauber of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Marshall R. King of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 5, 2024, which denied the petition to stay arbitration, dismissed the petition, and granted respondent's motion to compel arbitration, unanimously affirmed, with costs.
Respondent sustained its burden of demonstrating that nonsignatories to an engagement letter containing an arbitration clause knowingly exploited the benefits of the engagement letter and received benefits flowing directly from it sufficient to compel the nonsignatories to arbitrate (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013]). The letter named petitioner The Pinnacle Group Inc. as the client, and petitioner Joel Wiener signed the letter in his capacity as its CEO. However, the parties do not dispute that they intended for the engagement letter to govern respondent's legal representation of Wiener and petitioner Pinnacle Group NY, LLC in a class action filed in the Southern District of New York. The parties also do not dispute that for two years, respondent represented Wiener individually and Pinnacle Group NY, LLC in the underlying matter, and that Wiener personally participated in that representation.
The benefits to Wiener and Pinnacle Group NY, LLC — namely, respondent's representation of them — can be traced directly to the agreement containing the arbitration clause (id. at 633) and were specifically contemplated by the parties to the engagement letter (see Matter of KPMG LLP v Kirshner, 182 AD3d 484, 485 [1st Dept 2020], lv denied 35 NY3d 915 [2020]). Accordingly, Wiener and Pinnacle Group NY, LLC are estopped from asserting that they are not bound by the letter's arbitration clause (see Matter of SSL Intl., PLC v Zook, 44 AD3d 429, 430 [1st Dept 2007]; HRH Constr. LLC v Metro. Transp. Auth., 33 AD3d 568, 569 [1st Dept 2006]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 24, 2025