■ HERNAN LOPEZ et al., Respondents, v FERNANDITO'S ANTIQUE, LTD., et al., Appellants. [760 NYS2d 140] —Order,

Supreme Court, Bronx County (Barry Salman, J.), entered February 28, 2002, which denied defendants' cross motion for summary judgment, unanimously reversed, on the law, without costs, and defendants' cross motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendant Fernandito's Antique, Ltd. is the owner of two adjacent properties, each with a two-family dwelling, and entered into a contract of sale with plaintiffs in August 1997 along with a net lease for the properties. The parties agreed to a closing date of August 12, 2007 or sooner, at the option of the purchaser, provided there was no default under the net lease.

The net lease listed five encumbrances on title and allowed the plaintiffs to terminate the lease within two years from August 1997 if the owner was unable to provide good marketable title but only if the tenant was not then in default on rental payments. Another clause of the lease provided that plaintiffs' failure to pay any rent when due would constitute an event of default allowing the landlord to terminate the lease as if it were the end of the lease term. The rider to the contract of sale provided for cross-defaults under the contract of sale and the lease. Plaintiffs did not terminate the lease within two years from August 1997 and paid no more rent after December 2000. In March 2001, defendant Fernandito's duly sent notices of default for nonpayment of rent and a termination of the net lease and contract of sale.

This action was commenced by plaintiffs in July 2001 for specific performance, breach of contract, and declaratory and damages relief. Plaintiffs moved for a preliminary injunction alleging that defendants failed to cure and clear title within the two-year period provided in the net lease. Defendants cross-moved for summary judgment but the IAS court found issues of fact as to the intent of the parties and also as to the capacity of the individual defendant with respect to the property. Defendants' cross motion should have been granted.

The objective of contract interpretation is "to determine 'what is the intention of the parties as derived from the language employed'" (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172 [1973]). Clear and unambiguous terms should be understood in their plain, ordinary, popular and nontechnical meaning. Where the language is plain and unambiguous, extrinsic circumstances should not be considered to determine the intention of the parties (*Bethlehem Steel Co. v Turner Constr. Co.*, 2 NY2d 456, 459 [1957]; *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 77 [1980]).

Here, the clause providing for termination by plaintiffs was limited to the two years following contract and lease execution, namely through August 1999, and plaintiffs' ability to exercise termination was further conditioned upon their being current in rental payments. Nothing in either the lease or contract required defendant Fernandito's to clear title within two years. What is clear, however, from the uncontested facts and the plain language of the lease and contract is that plaintiffs defaulted on their rental obligations, were duly defaulted and forfeited any rights they may have earlier had under both the lease and contract.

Because the language in the lease and contract was clear on its face, the IAS court erred in holding that there were issues of fact as to the intention of the parties and in denying defendants' motion for summary judgment (see CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The IAS court also erred in denying the individual defendant's cross motion. Gustavi Fernandez signed the contract and net lease in his capacity as president of Fernandito's, both documents specifically provide that the seller/lessor is Fernandito's and the record title at all times remained in Fernandito's name. The complaint should have been dismissed in its entirety. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.