■ DDS PARTNERS, LLC, Appellant, v VINCENT CELENZA, Respondent. [775 NYS2d 319]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 29, 2003, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for further proceedings, including a hearing on the issue of attorneys' fees and costs.

In November 1997, plaintiff and nonparty Manhattan Dental, P.C. purchased a number of dental practices, one of which defendant owned. Defendant and Manhattan Dental executed an employment agreement dated November 4, 1997. That agreement provides that Manhattan Dental would employ defendant for an initial term of five years with automatic two-year renewals, unless either party gave written notice of cancellation as set forth in the agreement.

About 18 months later, plaintiff loaned defendant $98,350, and defendant executed a secured promissory note dated April 13, 1999, in the principal amount of $98,350. Pursuant to the terms of the note, defendant was to repay the principal plus interest on, as relevant to this appeal, "the termination for any reason of the employment of [defendant] with Manhattan Dental." Defendant expressly waived "presentment, demand for payment, notice of dishonor, notice of protest and all other notices or demands" in connection with the note. Defendant also agreed to pay all costs of collection of the note including reasonable attorneys' fees and expenses.

By letter dated April 25, 2002, defendant gave written notice to Manhattan Dental of his cancellation of the employment agreement after the initial five-year term. Several weeks after that term expired, plaintiff gave defendant notice of his default under the terms of the note. Defendant did not cure the default, and this action ensued.

Plaintiff moved for summary judgment in lieu of complaint on the ground that the action was based on an instrument for the payment of money only. In addition, plaintiff sought reason-

able attorneys' fees and costs for its efforts to collect on the note. Defendant argued, as relevant to this appeal, that the note was not valid and he was not in default of his obligations pursuant to the terms of the note because his employment with Manhattan Dental was not terminated as defined by the employment agreement.

The IAS court denied the motion. The court stated that it "will not hold, without a trial, that 'termination' 'for any reason' includes defendant's election not to renew his employment agreement" with Manhattan Dental. In addition, although moot, the court found defendant's attack on the validity of the note to be "conjectural and wholly lacking in details which would lend them substance."

We reverse. A plaintiff is entitled to an accelerated procedure to commence and pursue an action to recover on an instrument for the payment of money only (*see* CPLR 3213). A typical example of an instrument within the meaning of the statute is "a negotiable instrument for the payment of money—an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]). A motion for summary judgment in lieu of complaint is appropriate where "[i]t is incontestable that plaintiff would prove a prima facie case by proof of the note and a failure to make the payments called for by its terms" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1968], *affd* 29 NY2d 617 [1971]).

The note provides that repayment of the $98,350 loan would be due upon defendant's "termination for any reason" of employment with Manhattan Dental. The language is broadly worded to encompass defendant's election to terminate his employment. The plain and ordinary meaning of the word *terminate* is "to bring to an end; put an end to" (Random House College Dictionary [1980 rev ed]). Moreover, when interpreting a contract, words and phrases used by the parties must be given their plain meaning (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530 [1996]; *see also Lopez v Fernandito's Antique*, 305 AD2d 218, 219 [2003] [clear and unambiguous terms should be understood in their plain, ordinary, popular and nontechnical meaning]). Thus, the IAS court erred in not finding that defendant's termination of his employment relationship with Manhattan Dental triggered his repayment obligation under the terms of the note (*see Liberty Mut. Ins. Co. v Abbott*, 107 AD2d 962 [1985] [employee's resignation constituted a termination for "any reason" triggering employee's repayment obligation under loan agreement despite defendant's affirmative defense of oral agreement allegedly imposing restriction on repayment]).

Contrary to defendant's contention, there is nothing in the note which requires reference to another document to determine its meaning. Thus, the IAS court erred in relying on extrinsic evidence, to wit, the employment agreement, "to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969]; *accord W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]). Indeed, the note was executed a year and a half after the employment agreement, thus underscoring plaintiff's contention that they are two wholly unrelated documents. In any event, the note makes no reference to the employment agreement nor does it state that its terms are to be defined by reference to any other document. Thus, it can be ascertained, without resort to extrinsic evidence, that plaintiff had a right to repayment under the note (*contrast Matas v Alpargatas S.A.I.C.*, 274 AD2d 327 [2000]). Moreover, even if defendant asserted defenses which "might raise issues outside the note, that does not change its character as one for the payment of money only" (*Seaman-Andwall, supra*, 31 AD2d at 137).

Defendant's claim that the note is not "authentic" is conclusory and unsubstantiated by the record, and, therefore, insufficient to defeat plaintiff's motion for summary judgment (*see Joint Venture Asset Acquisition v Tufano*, 203 AD2d 102 [1994]).

In addition to summary judgment, plaintiff is also entitled to reasonable attorneys' fees and costs expended in connection with the enforcement of its rights to collect on the note. Accordingly, the matter is remanded for a hearing on that issue (*see Simoni v Time-Line, Ltd.*, 272 AD2d 537 [2000]). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.