■ EDUARD TRAIN et al., Appellants-Respondents, v GENERAL ELECTRIC CAPITAL CORPORATION, Respondent-Appellant. [779 NYS2d 467]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about April 25, 2003, which denied defendant's motion to disqualify plaintiffs' counsel, denied plaintiffs' cross motion for summary judgment, and granted summary judgment to defendant dismissing the complaint, unanimously affirmed, without costs.

The plain language of the contract pursuant to which plaintiffs assigned certain software rights to defendant demonstrates that variable compensation to plaintiffs of up to $1 million was not guaranteed. Plaintiffs, in connection with the transaction were, however, assured an up-front payment of $200,000 and consulting fees of at least $126,000. Moreover, the assignment notwithstanding, plaintiffs were permitted to exploit the subject software for any use except the financing or lease of transportation assets, unless defendant failed to use the

software for more than two consecutive months, in which case even that restriction would be lifted. In light of the transaction as a whole, it cannot be said that defendant breached the implied covenant of good faith and fair dealing by abandoning its auto financing business, even if plaintiffs' prospect of variable compensation was as a consequence rendered nugatory (*see e.g. Vacuum Concrete Corp. of Am. v American Mach. & Foundry Co.*, 321 F Supp 771 [SD NY 1971]; *and see HML Corp. v General Foods Corp.*, 365 F2d 77 [3d Cir 1966] [applying New York law]; *Kardios Sys. Corp. v Perkin-Elmer Corp.*, 645 F Supp 506 [D Md 1986] [applying New York law]). Furthermore, plaintiffs failed to present any evidence of their damages (*see New Paradigm Software Corp. v New Era of Networks, Inc.*, 2002 WL 31749396, *15-17, 2002 US Dist LEXIS 23753, *57-62 [SD NY, Dec. 9, 2002]).

In light of our affirmance of the grant of summary judgment to defendant, defendant's motion to disqualify plaintiffs' counsel pursuant to Code of Professional Responsibility DR 5-102 (b) (22 NYCRR 1200.21 [b]) is academic. Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.