■ Ace Property & Casualty Insurance Company et al., Plaintiffs, and Allstate Insurance Company, Appellant, v Federal-Mogul Corporation et al., Respondents, and Allianz Global Corporate & Specialty AG et al., Appellants, et al., Defendants. [866 NYS2d 188]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered November 1, 2007, which, in a declaratory judgment action involving plaintiff insurers' coverage obligations for bodily injury claims arising out of alleged exposure to asbestos-containing products that were manufactured, sold or distributed by defendants-respondents' predecessor in interest, insofar as appealed from, granted the motions of defendants Federal-Mogul Corporation and Federal-Mogul Products, Inc. (Federal-Mogul) and Magnetek, Inc. to stay the action to abide an action in New Jersey involving the same subject matter and many of the same parties, unanimously affirmed, without costs.

The insurers fail to show that the first-filed New Jersey action is vexatious, oppressive or was instituted to obtain some unjust advantage, that New York's interests in this dispute predominate over New Jersey's, or other reason for deviating from the generally followed first-in-time rule (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 96-97 [1997]), under which "the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere" (*id.* at 96 [internal quotation marks and citations omitted]). We have considered the insurers' other arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.