■ FINEMAN FAMILY LLC, Respondent, v THIRD AVENUE NORTH LLC et al., Appellants. [936 NYS2d 132]—

In or about February 2006, plaintiff and defendant Third Avenue North LLC formed defendant 119 Third Avenue Associates, LLC (the Company) and entered into an operating agreement for the express purpose of developing certain property into condominiums pursuant to an agreed-upon development plan. The operating agreement provided that, upon plaintiff's request, the Company would loan plaintiff up to $400,000.

In February 2007, the parties entered into an amendment to the operating agreement, which provided Third Avenue North with the option to develop the property as a rental building. Paragraph 2 of the amendment replaced the original provision for a $400,000 advance with a provision entitling plaintiff to obtain an advance of up to $2 million. However, paragraph 6 provided that, in the event Third Avenue North determined "in its reasonable business judgment," that the development plan should conform to the original plan for condominium development, then Third Avenue North "shall so notify [plaintiff] and Par. 2 of this First Amendment shall be deemed deleted and of no force and effect."

By letter dated January 2, 2008, Third Avenue North informed plaintiff that the Company would be proceeding to convert the subject property to condominiums as provided in the original operating agreement. Thereafter, however, defendants proceeded with a rental plan.

Plaintiff commenced this action on or about August 13, 2009, alleging that defendants breached the amended operating agreement, and the implied covenant of good faith and fair dealing, by refusing to pay it $1.6 million of the $2 million advance agreed to in the amendment. It moved for summary judgment on those claims, arguing that the terms of the operating agreement and amendment unambiguously entitle it to receive the increased advance.

The motion court granted plaintiff's motion, finding that the parties intended, as clearly expressed in their amended agreement, to increase the amount of the advance if the property was developed pursuant to the rental plan, and that defendants could not deprive plaintiff of the right to the larger advance simply by giving notice of an intent to pursue the original condominium plan. We reverse.

Where, as here, an agreement is unambiguous, courts should not consider extrinsic evidence to determine the parties' intent, nor should they add or excise terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Here, in determining the parties' intent, the motion court improperly considered the averments of plaintiff's president (*see Lopez v Fernandito's Antique*, 305 AD2d 218, 219 [2003]). In addition, the court improperly determined that the application of paragraph 6 of the amendment is expressly conditioned on the actual development of the property as condominiums. Under the plain terms of the amendment, plaintiff's right to demand a $2 million advance terminates at the moment Third Avenue North gives notice that it determined, in good faith, that the property should be developed pursuant to the original condominium plan. Contrary to the motion court's finding, the amendment does not provide for revival of the increased advance in the event that the property is actually developed as a rental building. Accordingly, plaintiff is not entitled to summary judgment on its breach of contract claim. (*See RM 14 FK Corp. v Bank One Trust Co., N.A.*, 37 AD3d 272, 274 [2007].)

Nor is plaintiff entitled to summary judgment on its breach of the implied covenant of good faith and fair dealing claim, since it failed to submit any evidence that defendants violated their good faith obligation (*see Train v General Elec. Capital Corp.*, 8 AD3d 192, 193 [2004]). On the other hand, defendants have submitted evidence supporting a finding that they acted in good faith. They demonstrated that, after 15 months of fruitless efforts to market the property as condominiums, adherence to the original development was not feasible in the current marketplace, particularly in the face of a threatened bank foreclosure. In the provident exercise of our inherent power to search the record, we find that plaintiffs failed to raise a triable issue of fact regarding this, and therefore grant summary judgment in defendants' favor.

In view of the foregoing determination, we need not reach defendants' requests for modification of the judgment. Concur— Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.