■ FIVE TOWNS NISSAN, LLC, Respondent, v UNIVERSAL UNDERWRITERS INSURANCE COMPANY et al., Defendants, and TOWER NATIONAL INSURANCE COMPANY, Appellant. [5 NYS3d 35]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 22, 2014, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment, unanimously reversed, on the law, without costs, the motion denied, and, upon a search of the record, partial summary judgment granted in favor of defendant Tower National Insurance Company. It is declared that the subject policy's flood exclusion bars coverage for plaintiff's loss of business income and extra expense.

"[T]he goal of a court reviewing an insurance policy is to

ascertain whether, afford[ing] a fair meaning to all of the language employed by the parties in the contract and leav[ing] no provision without force and effect[,] . . . there is a reasonable basis for a difference of opinion as to the meaning of the policy" (*Jacobson Family Invs., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA,* 102 AD3d 223, 231 [1st Dept 2012], *lv dismissed in part, denied in part* 22 NY3d 948 [2013] [internal quotation marks and citation omitted]). Applying this principle, plaintiff's motion for partial summary judgment declaring that the policy exclusion for flood was inapplicable to its business income and extra expense (BI) coverage should have been denied.

Pursuant to the plain language of the subject policy, the BI and Building Forms share a "Covered Cause of Loss" requirement, and defined that term by looking to the "Cause of Loss— Special Form," which covers all risks, except those otherwise excluded, such as loss due to flooding or waves. On this basis, plaintiff's argument, and the motion court's finding—that the Special Form operates to define a "Covered Cause of Loss" for purposes of only physical damage coverage—overly emphasized the chart attached to the Commercial Property Coverage Part Declarations and ignored the terms of the BI Form and its coverage grant.

As there is no issue as to the application of the policy terms excluding losses due to the flooding that plaintiff claims, we grant partial summary judgment to defendant insurance company and make a declaration of no coverage (*see* CPLR 3212 [b]; *Fineman Family LLC v Third Ave. N. LLC,* 90 AD3d 549, 551 [1st Dept 2011]). Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.