| Hainan Haitou No.1 Inv. Partnership (L.P.) v Sure Idea Ltd. |
|---|
| 2024 NY Slip Op 31248(U) |
| April 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655951/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. MELISSA A. CRANE</u>     PART     60M

*Justice*

-------------------------------------------------------------------------------X

HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP
(LIMITED PARTNERSHIP)

                     Plaintiff,

          - v -

SURE IDEA LIMITED,

             Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 655951/2023 |
|---|---|
| MOTION DATE | 01/17/2024 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2
were read on this motion to/for       <u>JUDGMENT - SUMMARY IN LIEU OF COMPLAINT</u> .

In this unopposed motion, plaintiff Hainan Haitou No.1 Investment Partnership (Limited Partnership) ("Plaintiff") moves, pursuant to CPLR 3213, for summary judgment in lieu of complaint as against defendant Sure Idea Limited ("Defendant").

## Factual Background

On 9/12/16, Defendant executed a promissory note (the "Promissory Note") in Plaintiff's favor, in the principal amount of $54,767,902.53 (Doc 4 [Promissory Note]). Per the Promissory Note, the interest rate was set at 10% fixed per annum, and the maturity date was set as 9/12/21 (the "Maturity Date"). Defendant ultimately failed to pay off the Promissory Note by the 9/12/21 set Maturity Date.

On 9/27/21, Plaintiff agreed to enter into a Modification of Loan Agreement and Ratification of Unsecured Promissory Note and other loan documents with Defendant (Doc 5 [Modification of Loan Agreement and Ratification of Unsecured Promissory Note]) (the "Loan Modification Agreement"). This extended the Maturity Date for two years to 9/12/23 (the

**655951/2023   HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP) vs.**   **Page 1 of 5**
**SURE IDEA LIMITED**
**Motion No.  001**

1 of 5

[* 1]

"Extended Maturity Date"). As part of the modification, both parties also acknowledged and agreed that as of 9/12/21, the outstanding loan amount of the Promissory Note totaled $65,126,351.20, consisting of $38,856,217.86 in principal and $26,270,133.34 in interest.

Under the Promissory Note and the Loan Modification Agreement, repayment was required in full on or before 9/12/23, the Extended Maturity Date. Under the Loan Modification Agreement, upon the occurrence and during the continuance of an event of default, interest on the outstanding principal amount accrued on the daily penalty at the rate of .05% per day:

> "Upon the occurrence and during the continuance of an Event of Default, interest on the outstanding principal amount of Note A Loan and, to the extent permitted by law, overdue interest and other amounts due in respect of Note A Loan (other than interest accruing on the outstanding principal amount due and payable on the Payment Date or acceleration thereof), shall accrue the daily penalty at the rate of five in ten thousand percent (0.05% or 0.0005) (the "Default Rate") or the maximum permitted legal interest rate, whichever is less, calculated from the date such payment was due without regard to any grace or cure periods contained herein, if any"

(*id.*).

Defendant ultimately failed to pay off the Promissory Note as of the Extended Maturity Date of 9/12/23, as required under the Promissory Note's terms and the Loan Modification's terms (Doc 3 [Yang Aff.] at ¶ 18). As such, Plaintiff issued a Notice of Default, dated 11/10/23, to Defendant on 11/14/23, pursuant to the notice requirements under both the Promissory Note and Loan Modification Agreement, demanding, amongst other things, that Defendant pay the Promissory Note in full (Doc 7 [Notice of Default]). Defendant has not made any payments to Plaintiff since that time (Doc 3 [Yang Aff.] at ¶¶ 19-20). As of 9/12/23, the unpaid loan amount under the Promissory Note and Loan Modification Agreement was $62,351,064.48 (Doc 3 [Yang Aff.] at ¶ 24).

**655951/2023   HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP) vs.**   **Page 2 of 5**
**SURE IDEA LIMITED**
**Motion No. 001**

[* 2]

2 of 5

## Discussion

CPLR 3213 provides for accelerated judgment where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or a similar *de minimis* deviation from the face of the document" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]; *see Arbor-Myrtle Beach PE LLC v Frydman*, 2021 NY Slip Op. 30223[U], 2 [Sup Ct, NY County 2021], *affd* 2022 NY Slip Op. 00806 [1st Dept 2022]).

Additionally, accelerated judgment under CPLR 3213 is also appropriate where the plaintiff establishes a *prima facie* case by virtue of a note and a failure to make payments called for therein (*Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [1st Dept 2004], citing *DDS Partners v. Celenza,* 6 A.D.3d 347, 348 [2004]). Thus, a promissory note is a "typical example of an instrument within the meaning of [CPLR 3213]" (*DDS Partners, LLC v Celenza*, 6 AD3d 347, 348 [1st Dept 2004], citing *Weissman*, 88 NY2d at 444).

Further, the same standards that apply to motions for summary judgment under CPLR 3212 apply to CPLR 3213 motions. The movant must make a *prima facie* case by submitting the instrument and evidence of the defendant's failure to make payments in accordance with the instrument's terms (*see Weissman*, 88 NY2d at 444; *Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000]).

The unopposed motion is granted. Plaintiff has established its *prima facie* case and entitlement to summary judgment as a matter of law under the relevant loan documents, including the Promissory Note and the Loan Modification Agreement.

Plaintiff demonstrates that it entered into the Promissory Note, and Loan Modification Agreement with Defendant, and that Defendant ultimately failed to repay the amounts due to

**655951/2023   HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP) vs.        Page 3 of 5**
**SURE IDEA LIMITED**
**Motion No.  001**

3 of 5

Plaintiff under both those agreements. Specifically, Plaintiff has demonstrated that Defendant failed to make the required payments as of the Extended Maturity Date of 9/12/23.

Further, the underlying agreements, the Promissory Note and the Loan Modification Agreement, also constitute instruments for the payment of money only, as they contain an unambiguous promise to pay a specified amount, plus interest, on a specified date.

Additionally, the Promissory Note, considered together with Wang Yang's supporting affirmation (Doc 3 [Yang Aff.]) as to Defendant's default sufficiently establish Plaintiff's *prima facie* entitlement to summary judgment. Defendant has neither appeared nor submitted any opposition to this motion, despite Plaintiff's effectuation of proper service of the required documents under CPLR 3213 (Doc 11 [Affirmation of Service by E-mail]; Doc 12 [Plaintiff's Proof of Mail Service Upon Defendant]). Thus, Defendant has failed to rebut Plaintiff's *prima facie* showing by proffering evidentiary proof sufficient to raise a triable issue. The motion is, therefore, granted in the absence of opposition.

Plaintiff is entitled to judgment against Defendant in the principal amount of $38,856,217.86, together with $23,494,846.62 in accrued interest through 9/12/23, and interest on the unpaid principal amount of $38,856,217.86 at the contractual default interest rate of .05% per day from 9/13/23.

The court denies Plaintiff's request for attorneys' fees and expenses. While Plaintiff may be entitled to its attorneys' fees and expenses under the loan documents, Plaintiff did not submit any support for incurred fees and expenses on this motion.

The court has considered Plaintiff's remaining contentions and finds them unavailing.

Accordingly, it is

**655951/2023   HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP) vs.       Page 4 of 5**
**SURE IDEA LIMITED**
**Motion No.  001**

[* 4]

4 of 5

ORDERED that Plaintiff Hainan Haitou No.1 Investment Partnership (Limited Partnership)'s motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, as against Defendant Sure Idea Limited, is granted, without opposition; and it is further

ORDERED that the Clerk is directed to enter judgment, in favor of Plaintiff Hainan Haitou No.1 Investment Partnership (Limited Partnership), and as against Defendant Sure Idea Limited, in the following sums: $38,856,217.86 for unpaid interest and $23,494,846.62 for accrued interest through 9/12/23. Plaintiff is also entitled to default rate interest on the unpaid principal amount, $38,856,217.86, at the contractual default interest rate of .05% per day from 9/13/23 until the date of this decision and order, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment and to mark this case as disposed.

20240410171532MACRANEED84273F090B4C359946B62FA4E696C7

| 4/10/2024 | |
|---|---|
| **DATE** | **MELISSA A. CRANE, J.S.C.** |

CHECK ONE:  [X] CASE DISPOSED   [ ] NON-FINAL DISPOSITION

[X] GRANTED   [ ] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

655951/2023   HAINAN HAITOU NO.1 INVESTMENT PARTNERSHIP (LIMITED PARTNERSHIP) vs.   Page 5 of 5
SURE IDEA LIMITED
Motion No. 001

5 of 5