## Cerco Bridge Loans 6 LLC v P8 ABS-EE 695 Lex Leaseco, LLC

2025 NY Slip Op 30055(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 655704/2024

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------X

CERCO BRIDGE LOANS 6 LLC

                             Plaintiff,

- v -

P8 ABS-EE 695 LEX LEASECO, LLC,

                             Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655704/2024 |
| **MOTION DATE** | 10/28/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2
were read on this motion to/for       SUMMARY JUDGMENT(BEFORE JOIND)      .

Upon the foregoing documents, Cerco Bridge Loans 6 LLC (the **Lender**)'s motion for summary

judgment in lieu of complaint pursuant to CPLR § 3213 is GRANTED as unopposed.


Reference is made to (i) a Leasehold Mortgage Note (the **Leasehold Note;** NYSCEF Doc. No.

5), dated March 8, 2022, by and between the Lender, and P8 ABS-EE 695 Lex Leaseco, LLC

(the **Borrower**), pursuant to which the Borrower borrowed  $13,200,000, (ii) a Building Note

(the **Building Note;** NYSCEF Doc. No. 6; the Building Note together with the Leasehold Note,

hereinafter, collectively the **Notes**) dated March 8, 2022, by and between the Lender and the

Borrower, pursuant to which the Borrower borrowed $10,300,000, (iii) a Net Lease (the **Ground**

**Lease**), dated August 1, 2019, by and between Silk & Halpern  557, LLC  (the **Ground Lessor**)

and the Borrower of the commercial office building located at 136 East 57th Street, New York,

NY 10022 (NYSEF Doc. No. 7, the **Property**), (iv) a Building Loan Agreement (NYSCEF Doc.

No. 8; **Building Loan Agreement**) and Leasehold Loan Mortgage, Security Agreement,

**655704/2024   CERCO BRIDGE LOANS 6 LLC vs. P8 ABS-EE 695 LEX LEASECO, LLC**
**Motion No.  001**

**Page 1 of 5**

[* 1]

Assignment of Leases and Rents and Fixture Filing (NYSCEF Doc. No. 7; **Leasehold Loan Mortgage**), each dated March 8, 2022, by and between the Lender and the Borrower, (v) a Notice of Default from the Ground Lessor (NYSCEF Doc. No. 10; the **Ground Lessor Default Notice**), dated November 2, 2023, (vi) a certain Cerco Notice of Default to P8 (NYSCEF Doc. No. 12; the **Lender's Default Notice**), and (vii) a certain Affidavit of Chief Executive Officer of the Lender, Peter F. Cervinka (NYSCEF Doc. No. 4; the **Cervinka Affidavit**).

Pursuant to Section 7.01 of the Building Loan Agreement, the parties agreed that an Event of Default occurs when there is "a default by Borrower under the Ground Lease beyond any applicable notice or cure period." (NYSCEF Doc. No. 8, § 7.01[u]).

Pursuant to Paragraph 5 of the Ground Lease, the Borrower and the Ground Lessor agreed that the Borrower was required to pay "an annual basic net rent in quarterly installments, in advance, on the first day of each quarter occurring during the Term." (NYSCEF Doc. No. 10, page 2-3). An Event of Default occurs if the Borrower fails to pay basic net rent in the sum of $525,000. (NYSCEF Doc. No. 10, pg. 3).

Pursuant to Section 10.1(c) of the Notes, the parties agreed that an Event of Default occurs when the "Borrower fails to pay any other amount due and payable to Lender under any Loan Document within five (5) days after written demand therefore is made" (NYSCEF Doc. Nos. 5, 6 § 10.1[c]).

**655704/2024   CERCO BRIDGE LOANS 6 LLC vs. P8 ABS-EE 695 LEX LEASECO, LLC**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

Pursuant to Section 12(a) of the Notes, the parties agreed that in the Event of Default, the entire unpaid principal sum, plus all interest accrued thereon, plus all other sums due and payable to the Lender would become due and immediately payable:

> Upon the occurrence of any Event of Default beyond all applicable cure periods, the entire unpaid principal sum hereunder plus all interest accrued thereon plus all other sums due and payable to Lender hereunder and/or under the Loan Documents shall, at the sole option of Lender, become due and payable immediately without presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, all of which are hereby expressly waived by Borrower. Notwithstanding the foregoing, Borrower has the right to cure the same prior to Lender declaring the acceleration of any of the debt.

(NYSCEF Doc. Nos. 5, 6 § 12[a]).

Pursuant to § 9.2 of the Notes, the parties agreed that the Borrower shall reimburse the Lender for "all costs of collecting or attempting to collect the Indebtedness, including reasonable attorneys' fees and expenses and court costs" (*Id.*, 6, § 9.2).

Pursuant to the Ground Lessor Default Notice, the Ground Lessor declared an Event of Default indicating that that the Borrower had failed to pay $525,000 of rent for the period beginning on November 1, 2023 and ending on January 31, 2024 and provided the Borrower with fifteen days to cure the default:

> **PLEASE TAKE FURTHER NOTICE**, that you are in default of the above-referenced Net Lease insofar as you have failed to pay basic net rent in the sum of $525,000.00 for the period of November 1, 2023 through January 31, 2024. Pursuant to Paragraph 19(a)(i) of the Net Lease, you have fifteen (15) days to cure your default. Additionally, you are advised that pursuant to Paragraph 6 of the Net Lease, if the Delinquent Rent is not paid as required above, you shall also be required to pay accruing interest.
> **PLEASE TAKE FURTHER NOTICE**, that should you fail to cure the above-referenced default by paying $525,000.00 on or before November 21, 2023, which is more than fifteen (15) days after service of this Notice, Landlord shall terminate the Net Lease by written fifteen (15) days notice pursuant to Paragraph 19(a) of the Net Lease.

**655704/2024   CERCO BRIDGE LOANS 6 LLC vs. P8 ABS-EE 695 LEX LEASECO, LLC**          **Page 3 of 5**
**Motion No.  001**

(NYSCEF Doc. No. 10, pg. 3).

According to the Cervinka Affidavit, to protect its interest in the Ground Lease, the Lender paid the Ground Lessor the quarterly rent due November 1, 2023 and has continued to pay the ground rent through October 2024 (NYSCEF Doc. No. 4, ¶ 8, 12). The Borrower has failed to cure its default under the Ground Lease as it was required to do or reimburse the Lender for payments made by the Lender (*id.*). The Borrower has also failed to pay the monthly interest payments due under the Notes as of December 1, 2023, and no principal due under the Notes has been paid to the Lender (*id.* ¶ 9-10).

Indeed, as of September 30, 2024, the total amount due under the Notes was $20,227,596.09 (*id.*, ¶ 19). The per diem interest at the Default Rate on the Leasehold Note is $8,800 and $136.84 on the Building Note (*id.* ¶ 20). The per diem interest rate at the Default Rate on the Ground Lease as of September 30, 2024, was $2,442.34 (*id.* ¶ 21). The per diem amount will increase with each additional quarterly rent payment made by the Lender. (*id.* ¶ 21).

Pursuant to the Lender's Default Notice, dated December 13, 2023, the Lender notified the Borrower that it was in default and accelerated all amounts due under the Notes:

> P8 is in default of the Building Loan Agreement by virtue of its default under the Ground Lease and failing to cure the default. Accordingly, Cerco declares that the unpaid principal amount of the Leasehold Note and Building Note, together with interests, costs, and fees, due and payable.

(NYSCEF Doc. No. 12, pg. 2).

**655704/2024   CERCO BRIDGE LOANS 6 LLC vs. P8 ABS-EE 695 LEX LEASECO, LLC**
**Motion No.  001**

**Page 4 of 5**

The Lender then brought this motion pursuant to CPLR § 3213.  As discussed above, in support of the motion, the Lender adduces (i) the Notes, (ii) the Leasehold Loan Mortgage , (iii) the Building Loan Agreement, (iv) the Ground Lessor Default Notice, (v) the Lender's Default Notice, and (vi) and the Cervinka Affidavit.  This is *prima facie* evidence of entitlement to summary judgment pursuant to CPLR § 3213 (*DDS Partners, LLC v Celenza*, 6 AD3d 347, 348 [1st Dept 2004]).  No opposition papers were filed.

For the avoidance of doubt, inasmuch as the Lender indicated that they were not seeking collection of legal fees, no attorney fees are awarded (NYSCEF Doc No. 21, pg. 2).

Accordingly, it is hereby ORDERED that the Lender's motion for motion for summary judgment in lieu of complaint pursuant to CPLR § 3213 is GRANTED; and it is further

ORDERED that the Lender shall submit judgment.

| **1/7/25** | |
| --- | --- |
| **DATE** | **ANDREW BORROK, JSC** |

CHECK ONE:

| | | |
| --- | --- | --- |
| **X** CASE DISPOSED | | NON-FINAL DISPOSITION |
| **X** GRANTED | DENIED | GRANTED IN PART | OTHER |

APPLICATION:    SETTLE ORDER     SUBMIT ORDER

CHECK IF APPROPRIATE:    INCLUDES TRANSFER/REASSIGN     FIDUCIARY APPOINTMENT     REFERENCE

655704/2024   CERCO BRIDGE LOANS 6 LLC vs. P8 ABS-EE 695 LEX LEASECO, LLC     Page 5 of 5
Motion No.  001

5 of 5

[* 5]