Finch Prop. Holdings I, LLP v Blumenfeld (2025 NY Slip Op 00190)

Finch Prop. Holdings I, LLP v Blumenfeld

2025 NY Slip Op 00190

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 651206/23 Appeal No. 3488-3489 Case No. 2023-05757 

[*1]Finch Property Holdings I, LLP, Plaintiff-Respondent,
v
Eric Daryl Blumenfeld, Defendant-Appellant.

Cohen & Gresser LLP, New York (Matthew V. Povolny of counsel), for appellant.
Greenberg Traurig, LLP, New York (Cory Mitchell Gray of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered September 28, 2023, in favor of plaintiff and against defendant in the aggregate amount of $17,742,881, and bringing up for review an order, same court and Justice, entered on or about August 1, 2023, which, among other things, granted, in part, plaintiffs' motion for summary judgment in lieu of complaint and denied defendant's cross-motion to dismiss, or alternatively, to stay the action, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This action arises out of three loans made to defendant and to borrower entities allegedly controlled by defendant on July 12, 2018. These loans included a $41,000,000 mortgage loan made to the borrower entities by nonparty Guggenheim Life and Annuity Company (Guggenheim), a $20,600,000 mezzanine loan to the borrower entities made by nonparty Susquehanna Structured Capital, LLC (SSC) and an $8,700,000 "sponsor loan" made by SSC to defendant individually. The sponsor loan is the subject of this appeal.
The sponsor loan agreement provided that the initial term of the loan would mature on July 6, 2019 and that on the maturity date, ". . . the outstanding principal balance of the loan, together with all accrued and unpaid interest and any other amounts due and payable. . . shall be paid in full." Additionally, sections 15.5.3 and 15.5.4 of the agreement contained a New York choice of law provision.
Defendant's obligation to repay the original amount on the terms set forth in the loan agreement was memorialized in a note. Section 8 of the note contained a forum selection clause which stated, "[a]ll actions or proceedings arising in connection with this Note shall be tried and litigated in state or federal courts located in the State of New York. . .," and that the maker "waives any right it may have to assert the doctrine of forum non conveniens, to assert that it is not subject to the jurisdiction of such courts or to object to venue to the extent any proceeding is brought in accordance herewith."
On June 24, 2019 SSC and Blumenfeld entered into a forbearance agreement in which Blumenfeld acknowledged that he had not made the payments required under the loan agreement for the months of March, April, May, and June 2019, that his failure to make such payments was each an event of default under the loan agreement and that SSC had the immediate right to exercise its rights and remedies under the loan documents. In addition, Blumenfeld agreed that the forbearance agreement did not extend the maturity date of the sponsor loan. In return, SSC agreed not to exercise its rights arising from the loan documents until August 9, 2019. After Blumenfeld failed to make payments in full by the expiration of the forbearance period, SSC notified him of his default under the sponsor loan agreement and made three demands for payment, which were not fulfilled.
On June [*2]7, 2022 Blumenfeld and the borrower entities filed a lender liability action in the Court of Common Pleas of Philadelphia County against Guggenheim, SSC and the plaintiff in this action, which had acquired SSC's interest in the mezzanine loan and the sponsor loan (the Philadelphia Action). As relevant to this appeal, the complaint in the Philadelphia action asserted causes of action for breach of contract of the mortgage loan agreement and the mezzanine loan agreement. No cause of action was asserted against the subject sponsor loan in the Philadelphia action.
On March 7, 2023 plaintiff commenced this action by filing a motion for summary judgment in lieu of complaint seeking judgment under the sponsor note. No causes of action were asserted herein against the mortgage loan or the mezzanine loan. Blumenfeld cross-moved to dismiss the complaint, or alternatively, to stay the action pending resolution of the Philadelphia action.
Supreme Court properly granted plaintiff's motion for summary judgment in lieu of complaint and denied Blumenfeld's cross-motion. Pursuant to CPLR 3213, "[a] plaintiff is entitled to an accelerated procedure to commence and pursue an action to recover on an instrument for the payment of money only" (DDS Partners, LLC v Celenza, 6 AD3d 347, 348 [1st Dept 2004]). "[A]ccelerated judgment under CPLR 3213 is appropriate where the plaintiff establishes a prima facie case by virtue of a note and a failure to make payments called for therein" (Warburg, Pincus Equity Partners, L.P. v O'Neill, 11 AD3d 327 [1st Dept 2004], citing DDS Partners v Celenza, 6 AD3d at 348 [1st Dept 2004]). A promissory note, such as the sponsor note at issue in this case, is a "typical example of an instrument within the meaning of [CPLR 3213]" (id., citing Weissman v Sinorm Deli, Inc., 88 NY2d 437, 444 [1996]). Plaintiff established its prima facie entitlement to summary judgment by establishing the terms of the sponsor note and the sponsor loan agreement, Blumenfeld's receipt of notices of default, and Blumenfeld's undisputed failure to pay by the maturity date, and Blumenfeld failed to raise a triable issue of fact in response.
Supreme Court properly denied Blumenfeld's motion to dismiss, or alternatively, to stay the action. Pursuant to CPLR 3211(a)(4), an action should be dismissed "where an identity of parties and causes of action in two simultaneously pending actions raises the danger of conflicting rulings relating to the same matter" (Diaz v Philip Morris Cos., Inc., 28 AD3d 703, 705 [2d Dept 2006], citing White Light Prods. v On the Scene Prods., 231 AD2d 90 [1st Dept 1997]). Moreover, "with respect to the subject of the actions, the relief sought must be the same or substantially the same" (White Light Prods., 231 AD2d at 94 [internal quotation marks omitted]). Here, even assuming that the matters in the Philadelphia action arose from the same transaction, "the relief sought in each action was quite different" (Matter of Living Real Estate Group[*3], LLC v Douglas Elliman, LLC, 220 AD3d 573, 574 [1st Dept 2023]). The relief sought in the Philadelphia action involved the mortgage loan and the mezzanine loan made to certain borrower entities, while the relief sought in this action concerned only the subject sponsor loan made to Blumenfeld individually.
Supreme Court also properly declined to dismiss or stay this action pursuant to the first-in-time rule. Pursuant to the first-in-time rule, "the court which has first taken jurisdiction is the one in which the matter should be determined. . ." (Ace Prop. & Cas. Ins. Co. v Federal-Mogul Corp., 55 AD3d 479, 480 [1st Dept 2008] [internal quotation marks omitted]). However, "[t]he practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not to be applied in a mechanical way, regardless of other considerations" (White Light Prods., 231 AD2d at 97 [internal quotation marks omitted]). Although the Philadelphia action was filed first, it is not dispositive in a case such as this, where this litigation presents different issues than the Philadelphia action. On these grounds, as well as the forum selection clause contained in section 8 of the note, and the governing law clause contained in section 15.5.3 of the loan agreement, Supreme Court correctly declined to stay or dismiss the current litigation, and instead stayed enforcement of the judgment pending the resolution of the Philadelphia action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025