| **Lafayette & Patterson Lender LLC v Morris** |
|:---:|
| 2025 NY Slip Op 30367(U) |
| January 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653492/2024 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

LAFAYETTE AND PATTERSON LENDER LLC,

| | |
|---|---|
| **INDEX NO.** | 653492/2024 |
| **MOTION DATE** | 07/10/2024, 12/17/2024 |
| **MOTION SEQ. NO.** | 001 002 |

Plaintiff,

- v -

TIMOTHY J. MORRIS,

Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for     JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for     DISMISS .

Upon the foregoing documents and for the reasons set forth below, (i) Lafayette and Patterson

Lender LLC (the **Lender**)'s motion (Mtn. Seq. No. 001) for summary judgment in lieu of

complaint pursuant to CPLR § 3213 is GRANTED, and (ii) Timothy J. Morris (the

**Guarantor**)'s cross-motion to dismiss is DENIED. The Lender's motion (Mtn. Seq. No. 002) to

dismiss the Guarantor's counterclaims is GRANTED as unopposed.

**THE RELEVANT FACTS AND CIRCUMSTANCES**

Reference is made to (i) a certain Loan Agreement (NYSCEF Doc. No. 6), dated April 1, 2022,

by and between Hamate-Lafayette LP and Patterson Street LP (collectively, the **Borrower**) and

the Lender, (ii) a certain Secured Promissory Note (the **Note**; NYSCEF Doc. No. 4), dated April

1, 2022, by and between the Borrower and the Lender, (iii) a Deed of Trust and Security

**653492/2024 LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**
**Motion No. 001 002**

Page 1 of 7

1 of 7

Agreement (the **Deed of Trust**; NYSCEF Doc. No. 5), dated April 1, 2022, by and between the Borrower and Old Republic Title Company of Tennessee as trustee for the benefit of the Lender, and (iv) a Debt Service and Carry Guaranty (the **Guaranty**; NYSCEF Doc. No. 7), dated April 1, 2022, by the Guarantor, in favor of the Lender.

Pursuant to the Note, the Lender loaned (the **Loan**) the Borrower $23,000,000, plus interest. The scheduled maturity date was October 1, 2023 (NYSCEF Doc. No. 6, at 8). The Loan was secured by the Deed of Trust on seven parcels of land in Davidson County, Tennessee. The Guaranty provides that it is unconditional and irrevocable and guarantees payment of certain limited carry obligations, including all interest accruing under the Note, all operating expenses, and all fees and expenses incurred by the Lender in connection with such obligations:

> 1. **Debt Service and Carry Guaranty and Agreement.** Guarantor hereby, jointly and severally, unconditionally and irrevocably guarantees to Lender and to its successors, endorsees and/or assigns the full and prompt payment when due, by acceleration or otherwise, the following: (i) all interest that accrues under the Note, (ii) the due and punctual payment of all operating expenses, including without limitation, Taxes and Other Charges and insurance costs and Insurance Premiums as required by the Deed of Trust, plus (iii) all fees, interest, late charges and expenses accrued on such principal or interest or incurred by Lender in connection therewith or in the collection thereof (collectively, the "Guaranteed Obligations"). Guarantor acknowledges that the amount of the Guaranteed Obligations may exceed the amount necessary to pay in full the Loan.

(NYSCEF Doc. No. 7 § 1). Pursuant to the Guaranty, the Lender's right to enforce the Guaranty against the Guarantor was explicitly preserved:

> 8. **General Provisions.**
>
> (h)  No Limitation on Liability. Guarantor hereby consents and agrees that Lender may at any time, and from time to time, without further consent from Guarantor, do, make, grant, consent or agree to any of the following, and the liability of Guarantor under this Guaranty shall be unconditional and absolute and shall in no way be impaired or limited by any of the following, whether with or

**653492/2024  LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**    **Page 2 of 7**
**Motion No.  001 002**

2 of 7

without notice to Borrower or Guarantor or with or without consideration: (i) release and surrender the Collateral or any portion thereof; (ii) substitute for any Collateral held by or on behalf of Lender other collateral of like kind, or of any kind; (iii) make overadvances or increase the amount of the Loan; (iv) extend the time for performance required by any of the Loan Documents or extend or renew the Note; (v) sue upon or foreclose the Note, the deed of Trust or any of the other Loan Documents; (vi) sell or transfer the Property subsequent to foreclosure; (vii) release Borrower, Guarantor or any other person or entity from performance or observance of any of the agreements, covenants, terms or conditions contained in any of the other Loan Documents by operation of law, Lender's voluntary act or otherwise; (viii) agree to modify the terms of any one or more of the Loan Documents; (ix) sell, assign or otherwise transfer the Note, the Deed of Trust and/or any other Loan Documents or any interest therein; or (x) take or fail to take any action of any type whatsoever. No such action which Lender shall take or fail to take in connection with the Loan Documents or any Collateral, nor any course of dealing with Borrower or any other person, shall limit, impair or release any of Guarantor's obligations hereunder, affect this Guaranty in any way or afford Guarantor any recourse against Lender. Nothing contained in this section shall be construed to require Lender to take or refrain from taking any action referred to herein.

(*id.* § 8[h]).  In addition, the Guaranty includes broad waiver provisions, whereby the Guarantor waived, among other things, any defenses based on any inaccurate representations in the loan documents, any invalidity, irregularity, or unenforceability of the loan documents, and any modifications of the loan documents:

3.     **Waivers by Guarantor.** To the extent permitted by law, Guarantor hereby waives and agrees not to assert or take advantage of (as a defense or otherwise):

(l)     The inaccuracy of any representation or other provision contained in any Loan Document;

(o)     Any invalidity, irregularity or unenforceability, in whole or in part, of any one or more of the Loan Documents;

(s)     Any modifications of the Loan Documents or any obligation of Borrower relating to Loan by operation of law or by action of any court, whether pursuant to the Bankruptcy Reform Act of 1978, as amended, or any other debtor relief law (whether statutory, common law, case law or otherwise) of any jurisdiction whatsoever, now or hereafter in effect, or otherwise;

**653492/2024   LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**          **Page 3 of 7**
**Motion No.  001 002**

3 of 7

[* 3]

(*id.* §§ 3-5).

As relevant, on November 8, 2023, the Lender properly and in accordance with the loan documents notified the Borrower that the Borrower defaulted on its obligation to repay the Loan in that a payment default and maturity default had occurred and that the debt remained outstanding (NYSCEF Doc. No. 9) and by letter, dated November 8, 2023, the Lender properly and in accordance with the Guaranty sent written notice to the Guarantor that defaults had occurred which resulted in certain liabilities and obligations of the Guarantor under the Guaranty (NYSCEF Doc. No. 10).

Subsequently, on July 10, 2024, pursuant to CPLR §3213, the Lender filed the instant motion for summary judgment in lieu of complaint to enforce the Guaranty and collect (i) interest accrued under the Note in the amount of $4,100,974.84, (ii) protective advances for delinquent taxes in the amount of $222,245.50, and (iii) reasonable attorney's fees and costs (NYSCEF Doc. No. 3 ¶¶ 31-34). The Guarantor subsequently filed a cross-motion to dismiss and counterclaims sounding in predatory lending practices and breach of fiduciary duty (NYSCEF Doc. No. 19). Thereafter, the Lender moved to dismiss the counterclaims on the basis that the counterclaims are wholly without merit. No opposition was filed and the time to file opposition papers has passed.

## DISCUSSION

Pursuant to CPLR § 3213, a plaintiff may bring a summary judgment motion in lieu of complaint when the action is based on an instrument for the payment of money only. To meet its *prima*

**653492/2024  LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**
**Motion No.  001 002**

**Page 4 of 7**

*facie* burden on such a motion, the plaintiff must prove (1) the existence of the guaranty, (2) the underlying debt, and (3) guarantor's failure to perform under the guaranty (*Davimos v Halle*, 35 AD3d 270, 272 [1st Dept 2006]).  Once a *prima facie* showing is made, the defendant must present admissible evidence that raises a triable issue of fact to preclude liability (*Zuckerman v New York*, 49 NY2d 557, 562 [1980]).

Here, the Lender adduces evidence of the Guaranty, valid debts, and the Guarantor's failure to pay $4,100,974.84 pursuant to the Guaranty (NYSCEF Doc. No. 11) and delinquent real estate taxes in the amount of $205,054.68 pursuant to the Deed of Trust (NYSCEF Doc. No. 12).  This is *prima facie* evidence of entitlement to summary judgment pursuant to CPLR § 3213 (*DDS Partners, LLC v Celenza*, 6 AD3d 347, 348 [1st Dept 2004]).  The Guarantor's cross-motion to dismiss premised on the argument that the Lender engaged in predatory lending practices, malfeasance, self-dealing, and unjust enrichment fails.  No issue of fact is raised in opposition warranting further proceeding.  Thus, the motion for summary judgment in lieu of complaint in the amount of $4,323,220.34, plus interest and attorneys' fees, is granted.

The Guarantor's counterclaims sounding in breach of fiduciary duty and predatory lending practices also fail.  As to the breach of fiduciary duty counter-claim, the counterclaims fail to allege any fiduciary relationship or basis upon which to find a fiduciary duty owed to the Guarantor.  This was an arm's length transaction.  There is also no actionable untoward allegation as to the predatory lending practices that would either render the loan documents unenforceable or would provide a basis for lender liability. Furthermore, the Guarantor agreed to waive any right or defense pursuant to the Guaranty (NYSCEF Doc. No. 7 §§ 3-5, 8).  Thus, the

**653492/2024   LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**
**Motion No.  001 002**

**Page 5 of 7**

5 of 7

unopposed motion to dismiss the counterclaims is granted. As such, all counterclaims against the Lender are dismissed.

Accordingly, it is hereby

ORDERED that the Lender's motion (Mtn. Seq. No. 001) for summary judgment in lieu of complaint pursuant to CPLR § 3213 is GRANTED; and it is further

ORDERED that the Guarantor's cross-motion to dismiss is DENIED; and it is further

ORDERED that the Lender's motion (Mtn. Seq. No. 002) to dismiss the counterclaims is GRANTED as unopposed; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of Lafayette and Patterson Lender LLC and against Timothy J. Morris in the amount of $4,323,220.34, plus default interest of 20% per annum from June 30, 2024 until the date of entry of judgment, plus default interest of 20% from the date of entry of judgment, for a total of $_____, plus costs and disbursements as allocated by the Clerk, and the plaintiffs shall have execution thereof;

ORDERED that the portion of the plaintiff's claim that seeks the recovery of reasonable attorney's fees and costs is severed and the issue of the amount of reasonable attorney's fees and costs that the plaintiff may recover against the defendants is referred to a Special Referee to hear and determine; and it is further

**653492/2024   LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**   **Page 6 of 7**
**Motion No.  001 002**

6 of 7

ORDERED that counsel for the plaintiff shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet,1 upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)].

| | |
|---|---|
| **1/27/2025** | 20250127120807AB0RR0K22D034FF0EAA486CAE2742BA5C22A6EE |
| **DATE** | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | X | REFERENCE |

**653492/2024   LAFAYETTE AND PATTERSON LENDER LLC vs. MORRIS, TIMOTHY J.**
**Motion No.  001 002**

**Page 7 of 7**

7 of 7

[* 7]