Henick-Lane, LLC v Stellar Mgt. Group, Inc. (2025 NY Slip Op 05190)

Henick-Lane, LLC v Stellar Mgt. Group, Inc.

2025 NY Slip Op 05190

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 653841/19|Appeal No. 4783|Case No. 2024-06264|

[*1]Henick-Lane, LLC, Plaintiff-Appellant,
v
Stellar Management Group, Inc., et al., Defendants, Soho AOA Owner LLC et al., Defendants-Respondents.

Cohen Seglias Pallas Greenhall & Furman PC, New York (George E. Pallas of counsel), for appellant.
Peckar & Abramson, P.C., New York (Alan Winkler of counsel), for respondents.

Appeal from order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 5, 2024, which, to the extent appealed from, granted the motion of defendants Soho AOA Owner, LLC, and Libby Management Services Corp., doing business as Stellar Management (together, defendants) for summary judgment to the extent of dismissing so much of plaintiff's first and second causes of action as was predicated on eight extra work claims, deemed appeal from amended judgment, same court and Justice, entered March 3, 2025, awarding plaintiff the principal sum of $163,373.62, plus interest, and, so considered, the amended judgment unanimously affirmed, without costs.
Supreme Court correctly applied the no-damages-for-delay clause in the parties' subcontract to the eight change order requests that underlie plaintiff's extra work claims. It is undisputed that the plain meaning of the parties' subcontract controls (Lopez v Fernandito's Antique, 305 AD2d 218, 219 [1st Dept 2003]). Here, the parties' agreement provides, in relevant part, "[i]f [plaintiff] is obstructed, hindered or delayed in the commencement, prosecution or completion of the Work . . . by [defendants], . . . or by changes in the Work, . . . then [plaintiff] shall be entitled, as its sole and exclusive remedy, to an extension of time for performance of the Work . . . ." All of the change order requests at issue are predicated on obstructions, hinderances, or delays allegedly caused by either defendants or changes in the work. Accordingly, plaintiff's change order requests are subject to the no-damages-for-delay clause in the parties' subcontract, notwithstanding plaintiff's characterization of its change order requests as being for extra work, instead of delay damages (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 313-314 [1986]).
The court also correctly determined that none of the three Corinno Civetta exceptions apply to this case. First, plaintiff did not raise an issue of fact as to whether defendants' delays were willful, malicious, or in bad faith (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 385-386 [1983]). At best, plaintiff adduced evidence of "'inept administration or poor planning'" on defendants' part, "which does not negate application of the no damages for delay provision[ ]" (LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485, 486 [1st Dept 2012] [internal quotation marks omitted]). Second, the delays caused by defendants and changes in the work were expressly contemplated by the parties' no-damages-for-delay clause. "[S]ince the contract provided for change orders, extra work, and acts or omissions by other contracts, such delays were, on their face, contemplated by the parties at the time they entered into the contract" (Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 824 [2d Dept 2011], lv denied 19 NY3d 803 [2012]). Third, defendants' failure to provide a crane for plaintiff to perform certain of its work did not constitute a breach of a fundamental obligation of the contract (see Corinno Civetta, 67 NY2d at 313).
Finally, the court properly declined to find that the prevention doctrine bars enforcement of the subcontract's no-damages-for-delay clause. Pursuant to the prevention doctrine, "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (OKL Holdings, Inc. v Abercrombie & Fitch Stores Inc., 223 AD3d 476, 477 [1st Dept 2024] [internal quotation marks omitted]). A no-damages-for-delay clause, however, is not a condition precedent, but rather an exculpatory clause (see Corinno Civetta, 67 NY2d at 309).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025